## MAYNER vs. ROLLINS.

A synallagma-
tic contract, not
made in as many
originals, as
there are parties,
may be used as
a beginning of
proof.
*A fortiori*,
when it is so
made, but the
mention of this
circumstance is
omitted.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.
The plaintiff alleges that by a written instru-
ment it was agreed between him and the de-
fendant, that he should build a house and find
certain materials, and the defendant should pay
therefor $1200; and that as soon as the house
should be advanced to a certain degree, the
defendant should deliver and make title to a
certain slave to the plaintiff, and should after-
wards complete the payment in the manner set
forth in the agreement; that accordingly the
plaintiff procured the materials and so far pro-
gressed in building the house that he was enti-
tled to demand and receive the slave, but the
defendant refused to deliver him, and dischar-
ged and exonerated him from further progress
in building the house.

The defendant pleaded the general issue,
averring that the plaintiff imposed himself on
the defendant as a carpenter, able to build and

complete the defendant's house, while in fact,
he was no carpenter, and lacked the necessary
skill; that he spoiled materials of the value of
$600, which the defendant is bound to pay for;
that he did not build the said house, nor pro-
gress therein, as he has stated.

There was a verdict as in case of nonsuit.
Judgment was given accordingly, and the
plaintiff appealed.

Cooper deposed he was the plaintiff's fore-
man, while he was building the house men-
tioned in the petition; he had the contract in
his possession while drafting the building, the
defendant seeing it in the witness' hands, de-
sired him to keep it as there would be some
dispute about the building. The witness saw
a copy of it in the defendant's possession, and
heard both parties read the contract and copy.

On the trial the plaintiff's counsel took bills
of exceptions to the opinion of the court.

In refusing to allow the reading of the con-
tract, as it contained synallagmatic obligations,
but no mention of its being done double.

In refusing to allow parol evidence of the
furnishing materials, and progress in building
the house, the nature and value of the work,
and the breach of the contract by the defen-

dant, on the ground that a written contract was alleged, and had no other proof but the instrument produced, which was void, as it did not contain mention of its being made double.

We think the judge erred in both instances.

It is not averred that the contract was not made double. There is evidence, not excepted to, on the record that it was.

The objection is only; that no mention is made of this circumstance    The part of the code in which this mention is ordered is *imperative*, not *prohibitive*, and it is only the breach of law of the latter kind that imports the nullity, when it is not formally expressed. *Civ. Code*, 306, *art.* 27, 4, *art.* 12.

We have lately held, that even when the contract is not made in as many of the originals, as there are parties, the writing may be used as a beginning of proof, and the contract is not absolutely void; *a fortiori*, when it is made in the requisite number of originals, and nothing is omitted but the mention of this circumstance.

After the plaintiff had established his contract with the defendant, by eking out the incipient proof resulting from the imperfect writing, by other legal evidence, testimony was

the only means of establishing the nature of his work, and whether he had so far complied with his engagement, as to be entitled to demand the delivery of, and title to the slave.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, the verdict set aside and the case remanded with directions to the judge not to allow the reading of the judgment, notwithstanding the omission of the circumstance, of its having been made double, and to receive parol evidence of the nature, quality and value of the work done by the plaintiff; and it is further ordered that the appellee pay costs in this court.

*Watts and Lobdell* for the plaintiff. *Morse* for the defendant.